UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF TRUSTEES OF THE DISTRICT 6 HEALTH PLAN,

                                         Plaintiff,

-against-

CENTRAL PARKING SYSTEM OF NEW YORK, INC.,

                                     Defendant.

15 CV _____

**COMPLAINT**

Plaintiff Board of Trustees of the District 6 Health Plan, by and through the undersigned counsel, as and for its Complaint, respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to an employee benefit plan, and for related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

**THE PARTIES**

4.      Plaintiff is the Board of Trustees of the District 6 Health Plan (the "Plan"). The Plan is a multiemployer labor-management trust fund organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c).   The Plan is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is administered at 333 Westchester Avenue, White Plains, New York 10604. Plaintiff is a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A).

5.      Defendant Central Parking System of New York, Inc. is a corporation organized under the laws of the State of Tennessee, with principal places of business located at 200 East Randolph Street, Suite 7700, Chicago, Illinois 60601 and/or 2401 21st Avenue South, Nashville, Tennessee 37212.   Defendant is, and at relevant times was, engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is, and at relevant times was, an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

**CLAIM FOR RELIEF**

6.      Plaintiff repeats the allegations set forth in paragraphs 1 through 5 above and incorporate them herein by reference.

7.      At relevant times, District 6, International Union of Industrial, Service, Transport, and Health Employees (the "Union") was the exclusive collective bargaining representative of all Full-Time and Part-Time Attendants and Cashiers employed by Defendant at its parking facilities located at Plaza 4A at 135 Grand Street (Loc. 403), Plaza V at Green Street (Loc. 339), 30 Newport Parkway (Loc. 3254), and Courtyard

Marriott at 540 Washington Blvd. (Loc. 407), Jersey City, New Jersey (the "Bargaining

Unit").

8.        Pursuant to a written collective bargaining agreement between Defendant

and the Union ("CBA") and two written agreements between Defendant and the Plan

("Participation Agreements"), Defendant was obligated to make contributions to the Plan

in specified amounts per Bargaining Unit member per month.

9.        An audit of Defendant's books and records for the period June 1, 2011

through March 31, 2014 revealed that Defendant failed to make required contributions to

the Plan in the principal amount of $27,575.00.

10.        Under the Participation Agreements, Defendant is bound by all of the

provisions of, among other things, the Plan's Restated Agreement and Declaration of

Trust (the "Trust Agreement") and the Plan's Collection and Payroll Audit Policy (the

"Collection Policy").

11.        The Trust Agreement provides in pertinent part that "[e]ach Employer ...

shall make contributions in accordance with its collective bargaining agreement or other

agreement to participate in the Plan."

12.        Section 515 of ERISA provides that "[e]very employer who is obligated to

make contributions to a multiemployer plan under the terms of the plan ... shall, to the

extent not inconsistent with law, make such contributions in accordance with the terms

and conditions of such plan ...." 29 U.S.C. § 1145.

13.        By its failure to make contributions to the Plan in the amount of

$27,575.00, Defendant contravened the CBA, the Participation Agreements, the Trust

Agreement, and section 515 of ERISA.

14.     Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the CBA, the Participation Agreements, the Trust Agreement, and the Collection Policy, Defendant is liable to the Plan for contributions in the principal amount of $27,575.00; interest thereon in the amount of $7,044.19 (calculated at the rate of 10% per annum from the due dates through the date of this Complaint); additional interest that will accrue while this action is pending; liquidated damages in the amount of $5,515.00 (20% of the principal amount due); audit costs in the amount of $3,150.00; and all reasonable attorneys' fees, expenses, and costs incurred by the Plan in prosecuting this suit.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

(1)     Award judgment to Plaintiff against Defendant in the amount of $43,284.19, plus additional interest that accrues while this action is pending;

(2)     Award Plaintiff all reasonable attorneys' fees, expenses, and costs incurred in prosecuting this suit; and

(3)     Award Plaintiff such other and further relief as is just and proper.

Dated: New York, New York          Respectfully submitted,
       October 14, 2015

                                   **VIRGINIA & AMBINDER, LLP**


                   By:     /s/ *Marc A. Tenenbaum*_____
                           Marc A. Tenenbaum
                           40 Broad Street, 7th Floor
                           New York, New York 10004
                           (212) 943-9080

                           *Attorneys for Plaintiff*